## Dye's Administrator, Appellant, *v.* Bartlett.

The report of an administrator, representing an estate as insolvent, does not affect the lien of a judgment creditor, where judgment has been obtained, and execution thereon sued out and levied, before the death of the intestate.

The statute has provided that judgment creditors, as to judgments recovered against the administrator, shall only be entitled to a *pro rata* distribution; but it does not declare that judgment creditors, whose liens accrued during the lifetime of the debtor, shall stand upon the same footing with other creditors.

(*Semble.*)  As a general rule, a prior lien is entitled to prior satisfaction.

APPEAL from the circuit court of the county of Marshall.

The appellee in this cause obtained judgment against the appellant upon a forfeited forthcoming bond, on the 4th of May, 1840, for about three thousand dollars, in the circuit court of Marshall county.    Execution issued on the 25th of July, 1840, returnable to the November term, 1840, of said court.    The defendant, Wm. Dye, departed this life in September, 1840.    On the 19th of November, before the return day of the execution, the sheriff levied it upon a stock of goods in Holly Springs.    On the 25th of the same month the present appellant administered on the estate of Dye; on the 30th of the same month, at the request of the sheriff and the administrator, the plaintiff's attorney consented to a postponement of the sale of the goods for one sale day, to prevent a sacrifice and to enable the administrator, who had just qualified, to arrange the debt without sale, if practicable.    Subsequently, the administrator found the estate would prove insolvent, and he notified the attorney of Bartlett that he should report it as insolvent, and would contest the application of more money to the payment of the execution, than its rateable share with other claims.    The same notice was given to the sheriff; the goods were sold, and the money returned by the sheriff to the court, requesting directions as to its appropriation.    The plaintiff Bartlett,

by his attorney, moved for its application to his execution; and the circuit court directed it to be so applied. The defendant, the administrator, appealed, but gave no bond, insisting that he had the right to an appeal in the nature of a writ of error, without a bond.

CLAYTON for appellee.

The appellant contends that the opinion is erroneous, because by the 80th section of the law in regard to the estates of decedents, when the estate is insolvent, it is to be distributed among all the creditors, in proportion to the debts due them. H. & H. 409. On the part of the appellee it is submitted that the decision of the court below was correct. The act just referred to bears date in 1821; the act of 1824 making judgments a lien upon all the estate of defendants, must control the act of 1821, so far as to render it inapplicable to judgments rendered against the decedent in his life time. The creditor by his judgment obtains a lien, which nothing subsequent can divest without his consent. See this point considered, 1 Bland's Chy. Rep. 449–452. By the levy the goods became in the custody of the law, and were not subject to distress or to any other execution. See Hagan *v.* Lucas, 10 Peters; Preston *v.* Surgoine, Peck's Reports, 72. The prior lien gives the prior right to satisfaction. See Andrews *v.* Wilkes, 6 Howard's Reports, page 554. The priority to which the United States are entitled as creditors, never attaches on property under execution when it accrued. Gilpin's Rep. 54; 3 Peters Digest, 362. See also Brent *v.* Bank of Washington, 10 Peters; and Conard *v.* Atlantic Insurance Company, 1 Peters, 441. This is also the case in regard to bankruptcy.

The levy of the sheriff was entirely legal and proper, notwithstanding the death of the defendant, as the execution was in the hands of the sheriff before the death occurred. See Peck's Reports, 72, as above cited. The property never passed to the administrator, as he did not qualify till after the levy: the goods were then in the custody of the law, and the administrator could not have recovered them. Being in the custody of the law for a special purpose and object, they must be applied to that purpose.

Besides, the insolvency of the estate had not been ascertained

or suggested, until after the levy, and indeed until after the sale, the rights of the creditor surely could not be affected by what transpired after the levy and sale.

The administrator was not in a situation to contest the application of the money; that mode of proceeding is only proper between judgment creditors who have their executions in the hands of the officer at the time of his sale. Conard *v.* Atlantic Insurance Company, *ut supra.* Upon every view of the case, it is submitted that the decision is correct, and must be affirmed.

If the administrator is not entitled to appeal without bond, then I ask for it to be dismissed.

Mr. Chief Justice SHARKEY delivered the opinion of the court.

Bartlett had obtained judgment against one William Dye, in his life time, and had sued out execution, on which a forthcoming bond had been given and forfeited, on the 4th of May, 1840. An execution issued on the forfeited bond the 25th of July, 1840, and was placed in the sheriff's hands on the same day. A levy was made, but the sheriff was permitted to return the execution to November term as stayed. Afterwards a *venditioni exponas* was placed in his hands, by virtue of which he sold the property. Dye, the defendant in execution, died in September, 1840, and administration was granted to appellant in November following, and the estate shortly afterwards reported insolvent. The administrator gave notice to the sheriff not to pay over the money, but the court, on motion, directed it to be paid over to the plaintiff in execution, from which this appeal was taken.

This question is presented: Does the report of insolvency cut out the lien of a judgment creditor, where judgment had been obtained and execution thereon sued out before the death of the intestate?

By our statute, a judgment becomes a lien from the time of its rendition on all of the defendant's property. By statute, also, the property of a deceased person becomes liable for his debts from the time of his death. The law declares that when an estate shall be insolvent, the assets shall be distributed amongst all the creditors in proportion to their respective claims. There is also a provision that no suit shall be commenced or prosecuted after an

estate is reported insolvent; and a further provision that, if a suit be pending when such report is made, it shall not abate, but may be prosecuted to judgment, but no execution shall issue, and the judgment shall be filed as a claim against the insolvent estate.   A judgment recovered against an administrator, when the estate is insolvent, bears no analogy to a judgment recovered against the intestate.   In the first case, a general liability is created by law on all the property of the deceased, from the time of his death, in favor of his creditors generally, which cannot be defeated by a judgment; but in the latter case, the judgment was a subsisting lien before the death of the deceased debtor.   This general liability cannot be let in to defeat a fixed lien which had a previous existence.

As a general rule, a prior lien is entitled to prior satisfaction, and we have repeatedly held that a judgment lien cannot be defeated, except by the act of the party who holds it.   There is nothing in the statutory provisions which have been mentioned which can defeat a judgment.   That provision which declares that when the estate is insolvent the assets shall be distributed in proportion to the debts, can only mean such assets as the administrator can control.

The law has provided that judgment creditors, as to judgments recovered against the administrator, shall only be entitled to a *pro rata* distribution; but it has nowhere declared that judgment creditors, whose liens had accrued during the life of the deceased, should stand upon the same grounds with other creditors.   In such cases the assets come to the hands of the administrator incumbered, and the incumbrance must be removed before general creditors can be let in.   There is no difference, in effect, between a judgment lien and a mortgage lien, or deed of trust; they all bind the property.

Suppose, in this instance, the deceased had given a mortgage on his property in his life time, it surely would not be contended that the mortgage creditor must surrender his lien and come in for distribution on an equal footing with other creditors.   The law places a judgment creditor in a condition altogether as secure as the condition of a mortgage creditor.   In this instance the levy

had been actually made before the administrator qualified, so that the property never came to his hands; but I do not know that this made any difference; the lien was fixed and binding in the life time of the deceased, and his death did not destroy it. It cannot be said that this will operate as a hardship on other creditors. If the individual were living, this judgment takes his property from creditors who had no judgments at all, or only junior judgments, and it does no more now.

In the case of Parker's administrator *v.* Whiting's administrator, we held that a judgment recovered against the administrator before a report of insolvency, was not entitled to be satisfied to the exclusion of other creditors; and that decision was predicated on the law which made the assets liable for debts, which necessarily placed all creditors, who had not acquired a lien before the death of the testator or intestate, on an equal footing. But in this case the lien was so acquired, and cannot be divested.

Judgment affirmed.

Judge CLAYTON, having been of counsel, did not sit in the case.